IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

PILOT PROGRAM TO IMPLEMENT THE
DIRECT ASSIGNMENT OF CIVIL CASES
TO FULL TIME MAGISTRATE JUDGES

---

The United States District Court for the District of Colorado hereby institutes this Pilot Program (the "Pilot Program") for the direct assignment of civil cases to the full time magistrate judges to conduct any and all proceedings in jury and nonjury civil actions and order the entry of judgment under 28 U.S.C. § 636(c) ("magistrate judge jurisdiction"). For its duration, this Pilot Program supplements the application of D.C.COLO.LCivR 72.2.

## I. General Objectives of the Pilot Program

The objective of the Pilot Program is to maximize the use of available judicial resources within the District by expanding the use of magistrate judge jurisdiction under 28 U.S.C. § 636 in civil cases to "secure the just, speedy, and inexpensive determination of every action and proceeding" consistent with Rule 1 of the Federal Rules of Civil Procedure. Because district judges have primary responsibility for felony criminal matters, including trials, the trial dockets of magistrate judges generally are less crowded. Consequently, magistrate judges may be able to provide earlier and firm trial dates in civil cases. The Pilot Program also recognizes the high quality of the magistrate judges of the District of Colorado as reflected by their appointment following a highly competitive merit selection process.

## II. Assignment of Civil Cases

**A. Direct Assignment of Cases.** Effective February 3, 2014, all full time magistrate judges shall be included in the assignment of civil cases by random draw. The clerk shall

**Adopted January 15, 2014**

maintain a computerized program to assure random assignment of new cases on an equal basis among all active district judges and full time magistrate judges. Cases in which a motion for injunctive relief has been filed, cases filed under 28 U.S.C. § 2255 where the sentencing judge continues in office, and other categories of cases as the Court may direct shall be excluded from those assigned to full time magistrate judges. The proportion of cases assigned to magistrate judges shall be reviewed periodically by the Court and may be adjusted by the Court as determined necessary.

**B. Unanimous Consent of the Parties Required.** In any case drawn to a magistrate judge, if all parties consent to magistrate judge jurisdiction, the magistrate judge shall notify the Chief Judge, or his/her designee, who shall determine whether to enter an order of reference under 28 U.S.C. § 636(c). If an order of reference is entered, the magistrate judge shall conduct all proceedings and order the entry of judgment. The district judge entering the order of reference, for good cause shown on the district judge's own initiative or under extraordinary circumstances shown by a party, may vacate the order of reference. If consent is declined by any party, no order of reference is entered, or the order of reference is vacated, the case shall be assigned under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case to hear matters referred by the district judge under 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and D.C.COLO.LCivR. 72.1(c).

Any party added to the case after reference to a magistrate judge under this Pilot Project shall be notified by the clerk of the obligation to complete and file the applicable Consent Form. If any added party does not consent to the exercise of magistrate judge jurisdiction within 21 days from the date of the notice, the case shall be assigned under D.C.COLO.LCivR 40.1(a), and

**Adopted January 15, 2014**

the magistrate judge shall continue on the case in the same capacity as if consent had been declined initially.

If a magistrate judge recuses in a case assigned under this Pilot Program, the case shall be redrawn to another judicial officer. If the case is redrawn to a magistrate judge, consent shall be governed by this Pilot Program. If redrawn to a district judge, consent shall be governed by D.C.COLO.LCivR 72.2.

**C. Consent Form.** On the filing of any civil action subject to the Pilot Program, the clerk shall deliver to the plaintiff(s) a copy of this Pilot Program and a Consent Form by which the parties may consent to magistrate judge jurisdiction, which the plaintiff(s) shall attach to the summons and serve on the defendant(s). A failure to serve a copy of the Pilot Program and Consent Form shall not affect the validity of the service of process or personal jurisdiction over the defendant(s). Unless otherwise ordered, the parties must complete and file the Consent Form at the earlier of (1) not more than ten days after the scheduling conference; or (2) not more than forty-five days after the filing of the first response, other than an answer, to the operative complaint. Filing of the Consent Form is mandatory, indicating either the unanimous consent of the parties or that consent has been declined.

**D. Consent is Voluntary; No Adverse Consequence if Declined.** Consent to magistrate judge jurisdiction is voluntary, and no adverse consequence shall result if consent is declined.

**E. Alternative Dispute Resolution.** A case subject to magistrate judge jurisdiction may be drawn randomly to another magistrate judge for an early neutral evaluation or other alternative dispute resolution proceeding.

3

**Adopted January 15, 2014**

**F. Conclusion of the Pilot Program.** At the conclusion of the Pilot Program, the district judges shall determine whether to continue direct assignment of civil cases to full time magistrate judges. Regardless of whether the district judges determine to continue such direct assignment, any case assigned during the term of the Pilot Project shall remain with the magistrate judge as previously assigned.

**III. Pilot Project Rule. D.C.COLO.LCivR 1.1(h):**

Effective December 1, 2012, the Court has enacted the local Pilot Project rule, as set forth in D.C.COLO.LCivR 1.1(h). Under the rule, the Court may implement pilot programs or special projects by means of a public notice that addresses the rule's provisions. Accordingly, to give all due consideration to the Pilot Project Rule's import and effect, the Court states the following:

**A.** Under Part I, the objective of the Pilot Program is to maximize the use of available judicial resources within the District by expanding the use of magistrate judge jurisdiction under 28 U.S.C. § 636.

**B.** Under D.C.COLO.LCivR 1.1(h)(2), the term of this Pilot Program shall not exceed one year. The Court may, in its discretion, extend the program for six months in conjunction with the promulgation of a corresponding Local Rule.

**C.** This Pilot Program affects the "Assignments in General" provision of D.C.COLO.L.CivR 40.1(a) and the "Consent Jurisdiction of Magistrate Judges" provisions of D.C.COLO.LCivR 72.2. Consent in cases initially assigned only to a magistrate judge under this Pilot Program shall be governed by the Pilot Program. Consent in cases initially assigned under D.C.COLO.LCivR 40.1(a) shall be governed by D.C.COLO.LCivR 72.2.

**D.** In addition, this Pilot Program shall be submitted to a public notice and comment

4

**Adopted January 15, 2014**

period, and thereby may be subject to revision, as more fully described in Part IV below.

## IV. Public Notice and Comment

D.C.COLO.L.CivR 1.1(h) requires that the public shall have reasonable notice and an opportunity to comment on all pilot programs. The district judges shall meet and confer after expiration of the comment period and carefully consider all comments and suggestions before final implementation of the program. The Notice and Comment Period of thirty days shall commence from the date the Public Notice is given. The provisions of the Pilot Program shall take effect on final Court adoption of the Plan after consideration of public comments received during the comment period.

**APPROVED BY THE COURT in Denver, Colorado on the 4th day of December, 2013.**

**REVISED AND ADOPTED BY THE COURT in Denver, Colorado on this 15th$^{th}$ day of January, 2014.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

Plaintiff(s),

v.

Defendant(s).
_____

# NOTICE OF AVAILABILITY OF UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION
_____

Under 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, you are notified that this civil action has been randomly assigned to a full time United States magistrate judge of this district to conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge, however, is permitted only if all parties voluntarily consent to the reference under 28 U.S.C. § 636(c). An appeal from a judgment entered by a magistrate judge shall be taken directly to the appropriate United States Court of Appeals in the same manner as an appeal from any other judgment of a district court.

You may, without adverse substantive consequences, withhold your consent, and this shall prevent the court's jurisdiction from being exercised by a magistrate judge.

You must complete and file the attached Consent Form at the earlier of (1) not more than ten days after the scheduling conference; or (2) not more than forty-five days after the filing of a response, other than an answer, to the operative complaint. All parties must either consent to the exercise of magistrate judge jurisdiction, or any party may decline to consent. In either event, filing of the Consent Form is mandatory, indicating either the unanimous consent of the parties or that at least one party has declined to consent.

If all parties consent to magistrate judge jurisdiction, the magistrate judge shall notify the Chief Judge, or his/her designee, who shall determine whether to enter an

**Adopted January 15, 2014**

order of reference under 28 U.S.C. § 636(c). If an order of reference is entered, the magistrate judge shall conduct all proceedings and order the entry of judgment. The district judge entering the order of reference, for good cause shown on the district judge's own initiative or under extraordinary circumstances shown by a party, may vacate the order of reference. If consent is declined by any party, no order of reference is entered, or the order of reference is vacated, the case shall be assigned under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case to hear matters referred by the district judge under 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and D.C.COLO.LCivR. 72.1(c). Any party added to the case after reference to a magistrate judge under this Pilot Project shall be notified by the clerk of the obligation to complete and file the applicable Consent Form. If any added party does not consent to the exercise of magistrate judge jurisdiction within 21 days from the date of the notice, the case shall be assigned under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case in the same capacity as if consent had been declined initially.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Plaintiff(s),

v.

Defendant(s).
_____

**CONSENT FORM PURSUANT TO PILOT PROGRAM TO IMPLEMENT THE DIRECT ASSIGNMENT OF CIVIL CASES TO FULL TIME MAGISTRATE JUDGES**
_____

Under 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges:

**CHECK ONE**

\_\_\_\_ all parties in this civil action **CONSENT** to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment;

**OR**

\_\_\_\_ at least one party in this civil action **DOES NOT CONSENT** to have a United States magistrate judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment.

    Signatures                Party Represented           Date

Print name

Print name

**Adopted January 15, 2014**

Signatures             Party Represented             Date

Print name

Print name

**NOTE:**   You must execute and file this Consent Form, indicating either the unanimous consent of the parties or that at least one party has declined to consent, at the earlier of: (1) not more than ten days after the scheduling conference; or (2) not more than forty-five days after the filing of the first response, other than an answer, to the operative complaint.