**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01932-REB-CBS

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a
GENERAL STEEL CORPORATION, a Colorado limited liability company,

Plaintiff,

v.

ETHAN DANIEL CHUMLEY, individually; and ATLANTIC BUILDING SYSTEMS, LLC, a Delaware corporation, doing business as ARMSTRONG STEEL CORPORATION.

Defendants.

**PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, under Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED:

1. This Order governs any information designated by a party as containing "confidential information" or "confidential – attorneys' eyes only." The form of information protected includes, but is not limited to, documents and things, discovery responses, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. Any information produced that a party or subpoenaed party reasonably and in good faith believes contains confidential information relating to trade secrets,

1

research and development, marketing or training, financial data, technical information, or other confidential proprietary or sensitive information may be so designated by labeling the first page of the document "confidential." Any information produced that a party or subpoenaed party reasonably and in good faith believes contains proprietary confidential information that would provide a competitive advantage to another party may be so designated by labeling the first page of the document "confidential – attorneys' eyes only." If a subpoenaed party does not designate any document or thing that a Party reasonably believes should be entitled to Confidential or Confidential-Attorney's Eyes only protections, such Party may make any such designation within 10 days of the production of any such document or thing by the subpoenaed party. For all other documents and things, the designation of confidentiality shall be made at the time of the production of the documents or things if they were produced after the entry of this Order. The designation may be made within 30 days of the entry of this Order for any other documents. For deposition testimony, the designation of confidentiality for either exhibits or testimony shall either be made on the record of the deposition, or within 30 days after receipt of the finished (i.e., not rough) deposition transcript. For interrogatory answers, the designation of confidentiality shall be made at the time of the answer to the interrogatory is submitted. However each party retains the right to subsequently re-designate documents and to require such documents to be treated in accordance with such designations thereafter. Such disclosures shall not result in the waiver of any associated privilege or protection.

    3.    **Resolution of disputes regarding designation.**  If a Party takes issue with

the designation of Confidential or Attorneys' Eyes Only, that party shall inform the other in writing, specifically identifying the documents or information and reason for disputing the designation, andthe parties shall make a good faith effort to resolve the dispute in a timely fashion. If the parties cannot resolve the dispute regarding the designation(s), the disputing party may request relief from the court after providing the disclosing party written notice confirming its belief that the good faith efforts to resolve the disagreement have failed. The burden of establishing that the document is entitled to protection is on the party claiming the protection. The challenged designation shall remain in effect until changed by order of the court or agreement of the parties.

    4.    **A. <u>Access to Confidential Information.</u>** Access to information marked Confidential shall be limited to the following "Qualified Persons":

        i.    The Parties, including the officers, partners, in-house counsel and management employees of the parties or related entities which share common control or employees with the parties, unless the information is designated "Confidential Attorney's eyes only".

        ii.    The parties' independent third party attorneys, including any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such legal counsel in this action; Before any such person is permitted access to any of the confidential information, such person shall be informed of the existence and contents of this Protective Order;

        iii.    Persons who are directly and actively assisting trial counsel in the

        preparation of this action, including parties assisting in electronic discovery and mediators. Before any such person is permitted access to any of the confidential information, such person shall be informed of the existence and content of this Protective Order and execute such acknowledgement in the form of Exhibit A attached hereto;

    iv.    The Court, Court personnel, and any court reporter or typist recording or transcribing testimony given in this action;

    v.    Experts and consultants retained in this matter by the attorneys in so far as the attorneys may deem it necessary for the preparation or trial of this matter. Prior to any expert or consultant being permitted access to any of the confidential information, each such expert or consultant shall first execute a declaration agreeing to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto.

    B.    **Access to Confidential – Attorneys' Eyes Only Information.**
Information or documents designated as "confidential – attorneys eyes' only" may be disclosed only to litigation counsel for the parties (including any litigation assistant or paralegal employed by and assisting such counsel), experts employed by the Parties in this matter (who are not Party employees), the Court, Court personnel, and any court reporter or typist recording or transcribing testimony given in this action, and not to any other person otherwise designated as a "Qualified Person" under Section 4(A).

    5.    **Use of Designated Information.**  Confidential and Confidential – Attorneys' Eyes Only information disclosed pursuant to this protective Order shall be

used only for purposes of the above captioned matter and shall be protected from any unauthorized or unrelated use, or any use which results or attempts to result in a competitive advantage in the marketplace.  Any deposition, upon any inquiry with regard to the content of a document marked "confidential" or "confidential-attorneys' eyes only", or when counsel for a party deems that the answer to a question shall result in the disclosure of confidential information, counsel for that party may request that all persons other than the reporter, counsel and individuals herein authorized leave the deposition room during the confidential portion of the deposition.  All information designated as "confidential" or "confidential-attorneys' eyes only" information which is filed or lodged with the court shall be filed in accordance with D.C.COLO.LCivR. 7.1 and 7.2.  The parties agree not to oppose any Motion to Seal filed in accordance with this section unless the opposing party already has filed or agrees to file contemporaneously a motion disputing any confidential or attorneys' eyes only designation.  Any objections in opposition to such Motion may be made in accordance with D.C.COLO.LCivR. 7.2(c).

6. **No Waiver.**  Other than specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief.

7. **Termination of Litigation.**  Within thirty days of the final disposition of this matter, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record shall destroy or return to the disclosing party or its attorney the confidential information in their possession, custody or control or in the possession,

custody or control of their staff, experts and constituents, and shall destroy all notes, memoranda or other documents which contain excerpts from any of the confidential information, except that counsel may retain one copy of such notes, memoranda or other documents for their files, and shall deliver to the disclosing party or its attorney written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the court for such further order as may be appropriate.

      8.    **<u>Acceptance and Inadvertent Disclosure.</u>**  Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error. If a party inadvertently produces protected information without the required "Confidential" or "Confidential – Attorneys' Eyes Only" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential or Confidential – Attorneys Eyes Only as designated until (a) the parties agree to non-confidential treatment of the subject material, or (b) this Court enters an order stating that the document shall not be treated as protected information. A party shall not be deemed to have waived any right to designate material as "Confidential" or

"Confidential – Attorneys' Eyes Only" by allowing inspection of such material prior to a designation of such material or by inadvertently failing to mark a document as "Confidential" or or "Confidential – Attorneys' Eyes Only" prior to its disclosure.

       9.      **<u>No Waiver of Privilege or Protection.</u>** Inadvertent production of any document or information subject to the attorney-client privilege, the attorney work-product protection, or any other applicable privilege, protection, or immunity provided by law shall not constitute a waiver of the privilege, protection, or immunity, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production after the producing party discovers such inadvertent production. Fed. R. Civ. P. 26(b)(5)(B) & Fed. R. Evid. 502. If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production and the grounds for an applicable privilege, protection, or immunity, such inadvertently produced document and all copies thereof shall be returned to the producing party or destroyed, upon request, within five days of the receiving party's receipt of the written request to return or destroy. The receiving party shall not make any use of such document in the case, including but not limited to, motions, briefs, discovery, depositions, hearings, or trial, nor shall the receiving party show the document to anyone who was not already given access to it prior to the producing party's request to return or destroy. If, after conferring, the parties cannot agree as to whether a document should be protected from disclosure by a privilege, protection, or immunity, the receiving party shall have 14 days to file a motion with the Court seeking an order that the document is not privileged, protected, or immune from disclosures. While such a motion

is pending, the receiving party shall not make any use of such document in the case and such document shall not be shown by the receiving party to anyone who was not already given access to such document prior to the producing party's request to return or destroy.

10. In the event that any party hereto claims that any provision of the Protective Order has been violated, such party may move this Court, upon proper notice, for appropriate sanctions and/or other relief.

11. Nothing in this Protective Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this action or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper.

12. This Protective Order shall not preclude any party from using or disclosing any documents or materials created or maintained by that party for any lawful purpose.

13. In the event any Confidential information is used in any court proceeding prior to trial and not disclosed to the public, it shall not lose confidential status because of such use. The use and treatment of Confidential material at trial will be addressed separately at or before the trial.

14. **<u>Enforcement of this Protective Order.</u>** The parties shall continue to comply with this Protective Order's provisions after the conclusion of this action.

DATED this __2nd__ day of __December__ 2014.

BY THE COURT:

_____
United States Magistrate Judge

9

## EXHIBIT A

## AGREEMENT CONCERNING MATERIAL COVERED
## BY PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Protective Order with regard to this matter and that he/she understands the terms thereof, and he/she agrees to be bound by such terms.

DATED: _____          BY: _____